JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Swiss Chalet Townhouses Condominium

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David M. Sostchin
419 W. 49th Street, #210
Hialeah, FL 33012    T - 305-819-2118

**DEFENDANTS**
Aspen Specialty Insurance Company

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
see attachment

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 - Diversity - Property Insurance Dispute

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE _____

**FOR OFFICE USE ONLY**
AMOUNT _____   RECEIPT # _____   IFP _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SWISS CHALET TOWNHOUSES
CONDOMINIUM,

Plaintiff

V.

ASPEN SPECIALTY INSURANCE
COMPANY.

Defendant
_____/

CIVIL ACTION: 1:10cv23899

JUDGE:

MAGISTRATE:

## NOTICE OF REMOVAL

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Swiss Chalet Townhouses Condominium v. Aspen Specialty Insurance Company*, Case No. 10-50216CA22 on the docket of the Circuit Court of the 11th Judicial District in Miami Dade County, Florida. In support of its Notice of Removal, Aspen respectfully represents that:

1.   Swiss Chalet Townhouses Condominium ("Plaintiff") commenced the captioned action by filing a Complaint for Damages (the "Complaint") in the Circuit Court of the 11th Judicial District for Miami Dade County, Florida on or about September 15, 2010. A copy of all process, pleadings, and orders served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

The Complaint was served on the Florida Secretary of State on October 6, 2010. Aspen received the Complaint on October 8, 2010.

2. In the Complaint, Plaintiff avers that Aspen issued a homeowners insurance policy to insure Plaintiff against any loss arising from damages sustained to the "Plaintiff's dwelling located at 4445 West 16th Avenue, Hialeah, FL" (Complaint, ¶ 4). In actuality, the policy issued to Plaintiff by Aspen is a commercial insurance policy for several condominium buildings located generally at 10912 SW 3rd Street in Miami, FL. Plaintiff further alleges that it is a permanent resident of Florida. (Complaint, ¶ 2). Plaintiff admits that Aspen is a citizen of North Dakota. (Complaint, ¶ 3).

3. The Complaint alleges that Plaintiff's property, insured by an insurance policy issued by Aspen, was damaged by Hurricane Wilma on or about October 24, 2005. (Complaint, ¶ 4-6).

4. The Petition alleges that Aspen is liable for property damages which Plaintiff alleges are due under the Aspen policy (Complaint, ¶ 13). Plaintiff further alleges that it "forwarded an estimate which reflected the damage sustained to the Plaintiff's residence" for which it seeks payment under the policy. (Complaint, ¶ 13). The estimate attached to the Complaint demonstrates total "dwelling" property damage of $214,759.93 less a $141,480 deductible for a "net claim" of $73,279.93. ("Pintado Estimate" p. 52). Plaintiff claims an additional $1,296.59 for damage to contents. ("Pintado Estimate" p. 53). The total value of property damage claimed at this juncture is $74,576.52. Finally, the Complaint alleges that Aspen is liable to Plaintiff for attorneys' fees pursuant to FSA 627.428 (Complaint, ¶ 16). The property damage claim when

2

coupled with the claim for attorney's fees clearly exceeds the $75,000 jurisdictional threshold.

5. This Notice of Removal is filed within 30 days of service and receipt of the Complaint and Summons, and is therefore timely under 28 U.S.C. section 1446(b).

6. Aspen does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Aspen expressly denies that it has any liability to Plaintiff.

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

8. There is complete diversity of citizenship between Plaintiff and Defendant. In the Petition, Plaintiff avers that it is permanent resident of Florida. (Petition, ¶ 2). Aspen, on the other hand, is organized under the laws of North Dakota, with its principal place of business in Boston, Massachusetts.

9. While Plaintiff does not specifically plead a total damages amount in its Complaint, the allegations coupled with the exhibit to the Complaint clearly support a finding that the amount in controversy exceeds $75,000. Plaintiff alleges it is entitled to at least $74,576.52 in property damage under the policy, and attorney's fees pursuant to FSA627.428 (Complaint, ¶¶ 13,16, "Pintado Estimate"). The removing defendant is only required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v.*

3

*R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden may be satisfied by the removing defendant showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *See Allen*, 63 F.3d at 1335.

10. Here, Plaintiff's Complaint conclusively alleges an amount in controversy in excess of $75,000. Further, the policy limit is $2,829,600.00. Therefore, the amount placed in controversy by Plaintiff's allegations is well in excess of $75,000.00.

11. Attorneys' fees and penalties are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000). As such, the asserted claim for attorneys' fees (if recoverable), supports the conclusion that the amount in controversy exceeds $75,000.

12. Finally, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition. Accordingly, it can be presumed that Plaintiff's damages exceed the minimum jurisdictional amount.

4

## REMOVAL PROCEDURE

13. A copy of this Notice of Removal is being served upon all known counsel of record. A copy of the Notice to the Clerk of Court for the Circuit Court for the 11th Judicial District for the County of Miami-Dade, Florida, which has been filed in that Court, is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

14. Copies of all process, pleadings, and orders served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

WHEREFORE, Aspen Specialty Insurance Company hereby provides notice that this action is duly removed.

GROELLE & SALMON P.A.
*Attorneys for Aspen Specialty Insurance Company*
12012 South Shore Boulevard Suite 200
Wellington, FL 33414
(561) 963-5500 Telephone
(561) 963-2265 Facsimile

By: /s/ Jayme Manzo Deere
ROBERT C. GROELLE, ESQUIRE
RGroelle@gspalaw.com
Florida Bar No.: 829323
JAYME MANZO DEERE, ESQUIRE
JDeere@gspalaw.com
Florida. Bar No. 553131

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **October 27, 2010,** We electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Jayme Manzo Deere
ROBERT C. GROELLE, ESQUIRE
RGroelle@gspalaw.com
Florida Bar No.: 829323
JAYME MANZO DEERE, ESQUIRE
JDeere@gspalaw.com
Florida. Bar No. 553131

## SERVICE LIST

Plaintiff, Swiss Chalet Townhouses Condominium
David M. Sostchin, #253049
419 West 49th Street #210
Hialeah, FL 33012
Telephone: 305-819-2118
Facsimile: 305-819-4991
*Attorneys for Plaintiff*

6